IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK WAY : CRIMINAL ACTION NO. 94-488-1
: CIVIL ACTION No. 10-3457
v. :
:
UNITED STATES OF AMERICA :

## MEMORANDUM

LOWELL A. REED, JR., Sr. J. September 2, 2010

Before the court is a pro se motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 ("2255 motion") filed by Derrick Way ("Petitioner") (Doc. No. 258), and the response of the Respondents (Doc. No. 261), requesting an extension of time to file a response to Petitioner's motion, or in the alternative stay the matter pending ruling by the Supreme Court of the United states in United States v. Abbott, 574 F.3d 203 (3d Cir. 2009) cert. granted, 130 S. Ct. 1284 (Jan 25, 2010) (No. 09-479). Petitioner is currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York. For the reasons that follow, Respondents' motion to stay will be granted.

### FACTS AND PROCEDURAL HISTORY:

In 1997, Petitioner entered a plea of guilty to conspiracy to possess with intent to distribute cocaine, 28 U.S.C. 846, and carrying or using a firearm in relation to a drug trafficking offense, 18 U.S.C 924©. Petitioner was sentenced to a term of imprisonment of 188 months on the conspiracy charge and a consecutive sixty month term on the firearm offense. Thereafter, Petitioner perfected a direct appeal which was denied.

Petitioner filed his 2255 motion on May 13, 2010.[1]

**DISCUSSION**

Petitioner asserts one claim in his 2255 motion, that his sixty month term consecutive sentence for the firearms offense was rendered unconstitutional by the rulings in <u>Whitley v. United States</u>, 529 F.3d 150 (2d Cir. 2008) and <u>United States v. Williams</u>, 558 F.3d 166 (2d Cir. 2009). Based on these Second Circuit decisions, Petitioner appears to make a valid claim that the "except" clause of subsection 924(c)(1)(A)[2] would apply to him because he is serving a "a greater minimum sentence" of 188 months for the conspiracy crime, and therefore he should not be subjected to the sixty month consecutive term of imprisonment for the firearms offense. However, this is not the law in the Third

---

[1] Petitioner initially filed his action as a petition for writ of habeas corpus under 28 U.S.C 2241 in the Eastern District of New York.

[2] **(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law**, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm, shall in addition to the punishment provided for such crime of violence or drug trafficking crime-

(I) be sentenced to a term of imprisonment of not less than five years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than seven years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. 924(c)(1)(A) (emphasis added).

2

Circuit or any of the sister circuits. See United States v. Villa, 589 F.3d 1334 (10th Cir. 2009); United States v. Segarra, 582 F.3d 1269 (11th Cir. 2009); United States v. Easter, 553 F.3d 519 (7th Cir. 2009); United States v. Parker, 549 F.3d 5 (1st Cir. 2008); United States v. Collins, 205 Fed.Appx. 196 (5th Cir. 2006); United States v. Studifin, 240 F.3d 415 (4th Cir. 2001); United States v. Jolivette, 257 F.3d 581 (6th Cir. 2001); United States v. Alaniz, 235 F.3d 386 (8th Cir. 2000). In United States v. Abbott, 574 F.3d 203 (3d Cir. 2009) cert. granted, 130 S. Ct. 1284 (Jan 25, 2010) (No. 09-479), the court disagreed with the reasoning in Whitley and found that the "except" clause "connotes a comparison between alternative minimum sentences for a violation of § 924©, not between sentences for separate violations of § 924(c) and another statute."

The United States Supreme Court has granted certiorari in U.S. v. Abbott and oral argument is scheduled for October 4, 2010. As the Court's ruling in Abbott has a direct impact on Petitioner's claim, I will stay this matter pending resolution in the United States Supreme Court.[3]

An appropriate order follows.

---

[3] I note that it is to Petitioner's benefit to stay the instant matter as a ruling at this time may well result in his claim being denied under Abbott.

3